**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | | |
|---|---|---|
| **SERGIO MARCELINO PU OSORIO,** | § | |
| | § | |
| **Petitioner,** | § | |
| | § | |
| | § | |
| **v.** | § | **CASE NO. 6:26-CV-238-ADA-DNM** |
| | § | |
| **TODD LYSON in his official capacity** | § | |
| **as Field Director of the Philadelphia** | § | |
| **ICE Field Office and THE WARDEN** | § | |
| **OF LIMESTONE COUNTY** | § | |
| **DETENTION CENTER,** | § | |
| | § | |
| **Respondents.** | § | |

## ORDER TO SEAL DOCUMENTS

It has come before the Court *sua sponte* that Petitioner Sergio Marcelino Pu Osorio has filed documents which contain potentially sensitive personal information regarding his two minor children and their mother.

Federal Rule of Civil Procedure 5.2(a) generally requires that, unless the Court orders otherwise, a party must redact sensitive information from any filing that contains an individual's social security number, taxpayer information, birth date, financial-account numbers, or the name of a child under the age of 18, unless the filing meets an exception found in Rule 5.2(b). FED. R. CIV. P. 5.2(a). While Rule 5.2(b) contains a list of six exceptions to the redaction requirement, the last one is the only exception of relevance here—"a pro se filing in an action brought under 28 U.S.C. §§ 2241, 2254, or 2255." *Id.* 5.2(b)(6). Pu Osorio brings his Petition for a Writ of Habeas Corpus under United States Code Title 28, Section 2241. Dkt. No. 1. He attempts to do so through Santa Cortez, who claims to act on Pu Osorio's behalf as next friend. *Id.* Both Cortez and Pu Osorio are pro se litigants. *See id.* Pu Osorio's filing meets the pro se filing exception in Rule 5.2(b)(6) and is therefore not deficient such that the Court must reject the filing.

Because of the exception, the sensitive information of Pu Osorio's children and their mother is currently on file in the public record. While Rule 5.2(h) allows a person to waive the protections Rule 5.2(a) provides by filing sensitive information without redaction and not under seal, the person may only waive protections "as to the person's own information." *Id.* 5.2(h). One exception exists here in that, generally, a parent may waive Rule 5.2(a)'s protections for their children when the parent submits filings with their minor child's full name unredacted. *See* Davis v. Stidham, No. EP-24-CV-00105-DCG, 2025 U.S. Dist. LEXIS 26256, at *6 (W.D. Tex. Feb. 12, 2025); Holt v. Target Co., No. 3:20-CV-0824, 2021 U.S. Dist. LEXIS 109732, WL 2021 WL 2389476, at *2 n.4 ((M.D. Tenn. May 6, 2021), report and recommendation adopted by2021 U.S. Dist. LEXIS 108954, 2021 WL 2386124 (M.D. Tenn. June 10, 2021); see also Zuchowski v. Alpena Pub. Sch., No. 17-cv-13345, 2018 U.S. Dist. LEXIS 69140, 2018 WL 1947277, at *1 n.1 (E.D. Mich. Apr. 25, 2018); Fitzpatrick v. City of Fort Wayne, 259 F.R.D. 357, 363-64 (N.D. Ind. 2009).

Much of the sensitive information contained in Pu Osorio's filing is not his own information; it is the information of his two minor children and their mother. *See* Dkt. No. 1 at 15, 17. Pu Osorio may have waived protections for his own information, but he has not and cannot waive protections for the information belonging to the individuals in question. *See* FED. R. CIV. P. 5.2(h). Even though he ordinarily may have waived protections as to the full names of his two minor children, he has not done so here because Pu Osorio is not the person who made the filing. Santa Cortez, Pu Osorio's sister-in-law, signed and filed his Petition on his behalf. She is not a parent of either of the minor children in question and therefore cannot waive the children's protections under Rule 5.2. This is especially true when, even though Cortez claims to be acting as Pu Osorio's next friend, she cannot legally proceed in that capacity. *See* Dkt. No. 4.

Furthermore, under Federal Rule of Civil Procedure 5.2(d), the Court may order that a filing be made under seal. *Id.* 5.2(d). Rule 5.2(e)(1) grants courts discretion when good cause exists to either "require redaction of additional information" or "limit or prohibit a nonparty's remote electronic access to a document filed with the court." *Id*. 5.2(e)(1). While this Court generally favors public access to information, the Court must take a line-by-line balancing of "the public's common law right of access against the interests favoring nondisclosure." *SEC v. Van Waeyenberghe*, 990 F.2d 845, 848 (5th Cir. 1993). Likewise, although a presumption of public access to court records exists, every Court has supervisory power over its own records and files. *Littlejohn v. BIC Corp.*, 851 F.2d 673, 678 (3d Cir. 1988).

The submitted document contains sensitive personal information relating to Pu Osorio's children and their mother, including their full addresses, full names, and birth dates. While a strong presumption in favor of public disclosure exists, the Court simultaneously recognizes the importance of protecting such sensitive information, especially a minor child's identity. The Court therefore exercises its discretion under Federal Rules of Civil Procedure 5.2(d) and 5.2(e)(1) and **ORDERS** the Clerk to **STRIKE** Pu Osorio's Petition for a Writ of Habeas Corpus, Dkt. No. 1, from the record and re-file it under seal.

**SIGNED** this 23rd day of April, 2026.

DAN N. MACLEMORE
UNITED STATES MAGISTRATE JUDGE